IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LATASHA WILSON,
     Plaintiff,

vs.                         Case No.: 3:16cv348/MCR/EMT

FRESH START FOR CHILDREN AND
FAMILIES, et al.,
     Defendants.[1]
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under

42 U.S.C. § 1983 (ECF No. 1).  Plaintiff is proceeding pro se and has been granted

leave to proceed in forma pauperis (ECF No. 7).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this

case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   The language in this

subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus

dismissals for failure to state a claim are governed by the same standard as Rule

---

[1] Plaintiff lists "Fresh Start of Children and Families" as a Defendant, but the attachments to her complaint show that the actual name of the organization is Fresh Start for Children and Families.

12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state

a claim for relief that is actionable on its face.  Dismissal of this action is therefore warranted.

Defendants are individuals who work at "Fresh Start for Children and Families," an organization that operates a transitional housing facility located in Fort Walton Beach, Florida.  Plaintiff appears to also name the organization itself as a Defendant.  Plaintiff alleges that, during her stay at the facility from October 19, 2015, to December 2, 2015, Defendants subjected her and other residents to various forms of mistreatment, including random drug testing and unexpected and intrusive inspections of their property.  She alleges that staff members frequently insulted her and shouted at the children, that they refused to listen to complaints from residents, and that they bent their own rules to their advantage.  Plaintiff states that she was unfairly dismissed from the facility for disorderly conduct on a day when it was cold and rainy (ECF No. 1 at 3–4).  As relief, Plaintiff seeks emotional damages in the amount of $8,000.00.

In any Section 1983 action, the initial inquiry must focus on whether two essential elements are present:  (1) the plaintiff was deprived of a federal right, and (2) that the deprivation was caused by a person acting under color of state law.  *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981),

*overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L.

Ed.2 d 662 (1986); <u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir.

2001).

      Because private citizens do not generally act under color of state law, they are

not ordinarily subject to suit under Section 1983.  See <u>West v. Atkins</u>, 108 S. Ct. 2250,

2255, 487 U.S. 42, 49 (1988); <u>Allaben v. Howanitz</u>, 579 F. App'x 716, 718 (11th Cir.

2014); <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992).  Private defendants

can be held liable under Section 1983 only when they act "in concert with" state actors

while depriving others of constitutional rights.  <u>Bendiburg v. Dempsey</u>, 909 F.2d 463,

468 (11th Cir. 1990).  Unless such a conspiracy is shown, private actors such as

landlords are private parties that are not susceptible to suit under Section 1983.  *See*

<u>Garay v. Liriano</u>, 839 F. Supp. 2d 138, 141–42 (D.D.C. 2012); <u>Harvey v. Plains Twp.</u>

<u>Police Dep't</u>, 421 F.3d 185, 195 (3d Cir. 2005); *see also*  <u>Cobb v. Georgia Power Co.</u>,

757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or

judgment is not engaged in state action merely because it used the state court legal

process.") (citing <u>Dahl v. Akin</u>, 630 F.2d 277 (5th Cir. 1980)).

      In the instant case there is no indication of any state actors being involved,

much less that the parties in question reached any sort of agreement to act in concert

with them.   Accordingly, because Defendants cannot be deemed state actors for purposes of this litigation, Plaintiff's claims are subject to dismissal.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 14th day of November 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**